BOGGS, Chief Judge,
concurring in part.
I agree with the majority that the rifle in question would inevitably have been seized lawfully, in light of the course of the questioning following the rifle’s discovery, whether or not it had been “seized” initially. I would also affirm on the basis that, even were the rifle to have been seized unlawfully, there was absolutely no connection between its “seizure” and the subsequent discussion and confession. In short, though the tree may have been poisonous, its fruits were never consumed or introduced.
I write separately, however, to distance myself from the court’s conclusion, in answer to the question correctly stated at the top of page 5, that “a reasonable officer would believe, based on specific and articulable facts, that the weapon pose[d] an immediate threat to officer or public safety.” I simply do not agree with the discussion and conclusion at pages 5-6 that there was sufficient indication of “an immediate threat” to justify a seizure on that basis alone.
While I agree that it is not necessary that the seizing officer had a conscious impression of danger, certainly the lack of any such perception should be a factor strongly to be considered. This is particularly true in a situation where there was no hectic melee, in which perceptions did not have time to form clearly. Nor was there an obvious indication of danger, as in Weatherspoon, where officers making a traffic stop under ambiguous circumstances would obviously have found a gun barrel sticking out from underneath the driver’s seat of a car, to which the driver would be returned, to be a threat. See United States v. Weatherspoon, 82 F.3d 697, 698 (6th Cir.1999). In our case, however, where the officers involved were numerous, the general situation apparently cooperative and non-threatening, and the particular officers had control over the immediate area around the rifle and no other person was in immediate proximity, I simply cannot support the court’s conclusion. I therefore concur only in the judgment and in the alternative grounds stated.